Yvonne **SCHILES,** Julie Ann Schiles, a minor, Vickie Kristine Schiles, a minor by and through their mother and next friend Yvonne Schiles, and Evelyn Schiles, Relators,

v.

The Honorable Gary M. **GAERTNER,** Presiding Judge, Division One, Circuit Court, City of St. Louis, Respondent.

No. 47527.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 18, 1983.

Stephen H. Ringkamp, Hullverson, Hullverson & Frank, Inc., St. Louis, for relators.

Sanford Goffstein, St. Louis, for respondent St. Joseph's Hosp.

REINHARD, Judge.

Relators seek to make permanent our preliminary order of prohibition which prevents respondent-judge from enforcing his order of July 13, 1983. In that order, the respondent-judge declared his intent to compel relators, plaintiffs in the underlying suit, to elect which of their number should maintain an action for wrongful death. We make our preliminary order absolute, and thereby prohibit the respondent from enforcing his order.[1]

This proceeding in prohibition arises from an alleged case of medical malpractice which resulted in the death of James Schiles. The plaintiffs named in the amended petition are Yvonne Schiles, wife of decedent, Julie Ann and Vickie Kristine Schiles, minor children of the decedent, and Evelyn Schiles, mother of the decedent; defendants are Glennon Schaeffer, M.D., St. Joseph's Hospital, Ernst Radiology Clinic, Inc. and Richard H. Butsch, M.D.

On June 14, 1983, one of the defendants filed a motion to require plaintiffs to elect one representative as the proper party to maintain suit. The respondent-judge sustained the motion on July 13, 1983, ordering the plaintiffs to elect. Plaintiffs then sought relief by writ of prohibition.

The wrongful death statute at issue in the present action provides:

Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;

(3) If there be no person in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and

---

1. Rule 84.22 provides:

No original remedial writ, except habeas corpus, will be issued by an appellate court in any case wherein adequate relief can be afforded by an appeal or by application for such writ to a lower court.

This rule, of course, is not absolute and may be waived in the event of great urgency for an early determination or in the event the issue is one of public importance. *Kohlbusch v. Eber-* *wein,* 642 S.W.2d 683, 684 n. 1 (Mo.App.1982). Prohibition is discretionary. Here we issued our preliminary writ because of the public importance of the issue. We are mindful of the recent Supreme Court case of *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc. 1983), which *properly* limits the use of prohibition. Our preliminary writ was issued prior to the ruling in *Kimberlin,* therefore, we consider our determination here appropriate.

whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties;

Provided further that only one action may be brought under this section against any one defendant for the death of any one person.

Section 537.080, RSMo.Supp.1982. Construing § 537.080, the defendant hospital, in its motion, contends that the "cause of action [for wrongful death] belongs to either the widow or the children or the mother, but does not belong to the spouse, the children and the mother." We decline to accept the proffered interpretation.

■ As defendant notes, wrongful death is a statutorily created cause of action. *State ex rel. Jewish Hospital v. Buder,* 540 S.W.2d 100, 104 (Mo.App.1976). As such, plaintiffs' rights are limited to those statutorily provided. *Id.* Section 537.080 sets forth those classes of persons statutorily entitled to maintain suit for the wrongful death of another. In this regard, Section 537.080(1) places the spouse, children and parents of decedent on equal footing. Likewise, sections 537.080(2) and (3) set forth the classifications of persons who may bring suit if there are no persons in the first class entitled to do so. Thus, this provision simply delineates the order in which the various classes are entitled to pursue a claim. For instance, a brother of the decedent may bring suit only if there is no spouse, no children and no parents entitled to do so. Likewise, a plaintiff ad litem may bring suit only if there are no persons so entitled in either of the first two categories.

Contrary to defendant's claims, nowhere in this provision does it distinguish between persons within a particular class; it neither states that one party may bring the action nor that all must be parties to the suit. Rather, it is an entitlement statute, setting forth that group of persons—spouse, children and parents—whose relationship to the decedent makes their interest paramount; should there be any members of this class, § 537.080 gives them priority in bringing suit to the exclusion of other classes.

■ In turn, the issue of which persons within a particular class may or must bring suit is addressed in the joinder provision, § 537.095, RSMo.Supp.1982. To ascertain the intent of the legislature in enacting § 537.080, we may consider the language of this related provision. *State v. Moore,* 615 S.W.2d 108, 110 (Mo.App.1981). Contrary to defendant's argument, this provision indicates that plaintiff election is not required to maintain a wrongful death action. Specifically, this section provides that "if *two or more* persons are *entitled to sue* . . . then any one or more of them . . . may maintain such suit . . . without joinder therein by any other person, provided that the claimant . . . shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." Significantly, § 537.095 further provides that any "recovery by suit shall be for the use and benefit of those who *sue or join, or who are entitled to sue or join.*" These words are not meaningful if we adopt the interpretation that defendant suggests. It is well settled that a statute should be construed in such a way as to give meaning to all its provisions. *State ex rel. Ashcroft v. City of Sedalia,* 629 S.W.2d 578, 583 (Mo.App.1981). Doing so, it is clear that the legislature intended to ensure that *all* persons entitled to bring suit (as set forth in the classifications in section 537.-080) *may* join in such suit and share in the recovery. Indeed, not only does defendant's interpretation render the statutory language meaningless, it is also contrary to the judicial policy favoring joinder of all plaintiffs whose claims arise from the same occurrence. Rule 52.05.

■ Moreover, the language of section 537.095.2 supports this interpretation. In that section, the statute similarly provides for distribution to those represented by a plaintiff ad litem, and explicitly provides that those entitled to sue, but not made parties "shall have the right to intervene at any time before any judgment is entered." It is well settled that we may look to other,

related sections to shed light on the provision at issue. *Eureka Fire Protection District v. Hoene,* 623 S.W.2d 79, 83 (Mo.App. 1981). It seems unlikely that the legislature intended to grant the right of intervention to those entitled to share in any award obtained by the plaintiff ad litem, and yet foreclose that same right as to those entitled to benefit under the first class—the very class whose interests it holds paramount.

■ Rather than foreclosing suit by more than one plaintiff, as defendant suggests, this provision ensures their right to maintain suit despite the absence of one or more class members, and, under such circumstances, provides for judicial apportionment of damages to protect the interest of the absent class member. Section 537.095.1, RSMo.Supp.1982. However, it was in no way intended to prohibit the joinder of those who *wish* to participate and who are entitled to do so by their class status. Consistent with the joinder provision, Section 537.080.1 is written to permit suit by *any* or *all* who desire to maintain suit and who are members of the class which includes spouse, children and parents.

Each of the plaintiffs allege sufficient facts to support their claim. Therefore, at the pleading stage, each has a right to be a plaintiff in this case. The trial court exceeded its jurisdiction in making the order. We, therefore, make our preliminary order of prohibition permanent and absolute.

KAROHL, P.J., and KELLY, J., concur.

