STATE ex rel. Norma STEPHENS, Michael Noble Stephens, Donald Glen Stephens, John Alan Stephens, and Patricia Gray Stephens, Relators,

v.

The Honorable Rex HENSON, Judge of the Circuit Court of Butler County, Missouri, Respondent.

No. 16038.

Missouri Court of Appeals,
Southern District,
Division Two.

April 21, 1989.

Motion for Rehearing or to Transfer Denied May 16, 1989.

Application to Transfer Denied Aug. 1, 1989.

C.H. Parsons, Jr., Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for relators.

John R. Musgrave, Bruce D. Ryder, Christian A. Bourgeacq, Coburn, Croft & Putzell, Clinton D. Summers, Summers, Cope & Walsh, P.C., St. Louis, for respondent.

FLANIGAN, Presiding Judge.

Relators in this mandamus action (Rule 94)[1] are the widow and four surviving children of Noble Stephens, who died on August 20, 1980, allegedly as a result of a collision between a vehicle driven by him and a train operated by St. Louis Southwestern Railway Company. In May 1981 Norma Stephens, the widow, brought a wrongful death action ("the first action") against the railroad. On August 1, 1985, she voluntarily dismissed that action without prejudice.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

On July 11, 1986, Norma Stephens filed a new action ("the second action") against the railroad in which she again sought damages for the wrongful death. That action, which is the underlying action, is pending before The Honorable Rex Henson, Judge of the Circuit Court of Butler County, respondent here.

On August 22, 1988, the widow filed in the second action a motion for leave to file an amended petition alleging that the second action was brought by the widow in her own behalf and on behalf of the four children for damages suffered by her and the children resulting from the death of Noble Stephens. Also on August 22, 1988, the four children filed an application for leave to intervene in the second action as co-plaintiffs. On October 27, 1988, respondent entered his order, denying the widow's motion and the children's application. Relators thereafter instituted this mandamus action in this court.

The basic issue is whether respondent exceeded his jurisdiction in denying the motion of the four children to intervene in the second action as co-plaintiffs and in denying the motion of the widow which in effect also sought the addition of the four children as co-plaintiffs.

In general it is the position of relators that under § 537.080(1),[2] the widow and the children were entitled to sue for the wrongful death of decedent; that the first action was commenced within the three-year period prescribed by § 537.100;[3] that the second action was commenced by the widow within the one-year period prescribed by § 537.100 for commencing a new action after taking a nonsuit; that the children had a right to intervene in the second action or that the widow should have been given leave, pursuant to Rule 55.33(a),[4] to amend the petition so as to join the children as her co-plaintiffs; and that the wrongful death claim asserted in the proposed amended pleading would, under Rule 55.-33(c),[5] relate back to the date "of the original pleading."

In general, it is the position of respondent that he properly denied the widow's motion to amend the petition and the children's application to intervene because "the new claims" sought to be asserted by the children are barred by the three-year limitation contained in § 537.100; that "by its own language" § 537.100 precludes the

**2.** Section 537.080 reads, in pertinent part:

"Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) ...

(3) ...

Provided further that only one action may be brought under this section against any one defendant for the death of any one person."

**3.** Section 537.100 reads, in pertinent part:

"Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue; ... and provided, that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, ... such plaintiff may commence a

new action from time to time within one year after such nonsuit suffered ..."

**4.** Rule 55.33(a) reads, in pertinent part:

"...

... Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

**5.** Rule 55.33(c) reads:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him and serving him with notice of the action, the party to be brought in by amendment; (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

children from intervening in the second action; that the children are not afforded, under § 537.080 or § 537.095,[6] an unconditional right to intervene in the second action; and that this mandamus action should be dismissed "because relators are guilty of laches."

For the reasons which follow, this court holds that the first action was timely instituted by the widow; that the second action was timely filed by her after the voluntary dismissal, without prejudice, of the first action; that the children have a right to intervene in the second action; that the addition of the children as co-plaintiffs with the widow will not constitute the assertion of "new claims"; that under the circumstances here the addition of the children as co-plaintiffs should be effected by amendment of the petition as requested by the widow; that there is no merit in respondent's defense of laches; and that respondent exceeded his jurisdiction in refusing to permit the joinder of the children as co-plaintiffs with the widow.

In 1967 § 537.080 and § 537.100 were amended and reenacted. In 1976, in a wrongful death action involving a death which occurred in 1970, our supreme court said:

"The wrongful death cases decided by the appellate courts of this state have established certain principles which have been uniformly followed by our courts. They are: (1) The statute provides for one indivisible claim for the death of a person which accrues on the date of death. (2) The claim vests first in the spouse and minor children either jointly or severally. (3) If the deceased left surviving a father or mother the spouse and minor children must exercise their preferred right by filing suit within one year from the date of death. (4) If the spouse and minor children fail to sue within one year the claim passes to and vests in the father and mother or the survivor. (5) If there is no father and/or mother the spouse and minor children have the full two years in which to sue. (6) If there is no spouse or minor children the father and mother may sue at any time within the two year period. (7) The party having the right to enforce the claim has absolute control over it during the period specified and may file suit or settle without suing. (8) There is but one claim for relief and if not enforced by one class during the period specified it passes to another class of beneficiaries. (9) When a claim is appropriated by one preferential beneficiary it completely terminates all rights of any others mentioned in the statute with the exception that if the person so appropriating dies during the limitation period without having completed enforcement the next alternative claimant may file suit within the two year limitation period, and (10) unless a tolling situation exists the suit must be filed within two years from date of death."

*State ex rel. Kan. City Stock Yards v. Clark*, 536 S.W.2d 142, 145 (Mo. banc 1976).

Referring to the 1967 amendments, the Court also said:

"There was no change in the basic theory of the Wrongful Death Act. The class of persons who had first priority to sue was changed, the time in which they were permitted to sue was extended to one year, and the maximum period in which any suit could be brought was extended from one year to two years."

*State ex rel. Kan. City Stock Yards v. Clark*, supra, 536 S.W.2d at 144[1].

In 1979 § 537.080 and § 537.100 were amended and reenacted, and some of the principles set forth in the foregoing case

**6.** Section 537.095.1, with an exception not applicable here, reads:

"... [I]f two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice."

were affected. Referring to the 1979 amendments, the Western District of this court has said:

"The new act [§ 537.080, RSMo Supp. 1979] makes no provision that the cause of action passes to a lesser class of suitor when a more favored class neglects to appropriate the right. *It makes no provision at all for suit by a less favored class when a more favored class is in being* at the time of the death. The new act, rather, vests the cause of action *without condition* in the most favored class in being [in this case, the writ plaintiffs—the spouse, children and parent of the decedent Peace] and *exclusively for the full period of limitations* —three years. Thus, § 537.100, RSMo Supp. 1979, merely counts time. Its operation as a bar depends upon nothing else than the mere passage of time—the mark of a general statute of limitations." (Emphasis in original.)

*State ex rel. Research Med. Center v. Peters,* 631 S.W.2d 938, 946 (Mo.App.1982).

In *Schiles v. Gaertner,* 659 S.W.2d 791 (Mo.App.1983), the Eastern District of this court dealt with a wrongful death claim arising after the 1979 amendments and involving a decedent who was survived by his widow, two children and his mother. All four joined as plaintiffs and the defendant obtained an order from the trial court declaring the court's intention to compel the plaintiffs to elect one of their number to act as sole plaintiff. The court of appeals, in a prohibition proceeding, held that the trial court exceeded its jurisdiction in making that order. The court held that § 537.080(1) "places a spouse, children and parents of decedent on equal footing." Referring to § 537.080(1), the court said:

"[N]owhere in this provision does it distinguish between persons within a particular class; it neither states that one party may bring the action nor that all must be parties to the suit. Rather, it is an entitlement statute, setting forth that group of persons—spouse, children and parents—whose relationship to the decedent makes their interest paramount; should there be any members of this class, § 537.080 gives them priority in bringing suit to the exclusion of other classes."

The court pointed out that § 537.095, as amended in 1979, addresses the issue of which persons within a particular class may or must bring suit. Referring to § 537.095.1 the court said:

"[T]his provision indicates that plaintiff election is not required to maintain a wrongful death action. Specifically, this section provides that 'if *two or more* persons are *entitled to sue* ... then any one or more of them ... may maintain such suit ... without joinder therein by any other person, provided that the claimant ... shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080.' Significantly, § 537.095 further provides that any 'recovery by suit shall be for the use and benefit of those who *sue or join, or who are entitled to sue or join.*' ... [I]t is clear that the legislature intended to ensure that *all* persons entitled to bring suit (as set forth in the classifications in section 537.-080) *may* join in such suit and share in the recovery. Indeed, not only does defendant's interpretation render the statutory language meaningless, it is also contrary to the judicial policy favoring joinder of all plaintiffs whose claims arise from the same occurrence. Rule 52.05." (Emphasis in original.)

Section 537.095.2, which is not applicable to the case at bar, deals with a settlement made or a recovery had by a plaintiff ad litem who, under § 537.080(3), prosecutes a wrongful death action on behalf of persons entitled to share in the proceeds. Such a person, under § 537.095.2, is accorded "the right to intervene at any time before any judgment is entered or settlement approved under this section." In *Schiles v. Gaertner,* supra, referring to § 537.095.2, the court said, at p. 794:

"It seems unlikely that the legislature intended to grant the right of intervention to those entitled to share in any award obtained by the plaintiff ad litem, and yet foreclose that same right as to those entitled to benefit under the first

class—the very class whose interests it holds paramount.

"Rather than foreclosing suit by more than one plaintiff, as defendant suggests, this provision ensures their right to maintain suit despite the absence of one or more class members, and, under such circumstances, provides for judicial apportionment of damages to protect the interest of the absent class member. Section 537.095.1, RSMo.Supp.1982. However, it was in no way intended to prohibit the joinder of those who *wish* to participate and who are entitled to do so by their class status. Consistent with the joinder provision, Section 537.080.1 is written to permit suit by *any* or *all* who desire to maintain suit and who are members of the class which includes spouse, children and parents.

"Each of the plaintiffs allege sufficient facts to support their claim. Therefore, at the pleading stage, each has a right to be a plaintiff in this case. The trial court exceeded its jurisdiction in making the order." (Emphasis in original.)

■ The widow and children in the case at bar, as in *Schiles v. Gaertner*, supra, are in the "first class" and, under the foregoing statement, each is *entitled* to participate in the action and each has a *right* to be a plaintiff.

The quotation from *Schiles v. Gaertner* may be dictum because the widow and children were already parties and there was no issue of intervention. However, other cases support the proposition that the children in the case at bar have a right to intervene in the action brought by the widow. See *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237, 240[7] (Mo.App. 1973). See also *Nelms v. Bright*, 299 S.W.2d 483, 488[10] (Mo. banc 1957).

It is clear that if the first action were still pending, the addition of the children as co-plaintiffs with the widow in the first action would not violate the three-year limitation contained in § 537.100.

"The rule in this state is that where a suit for wrongful death ... is filed by some, but not all, of the persons entitled to bring such action, *Nelms v. Bright*,

Mo.Sup., 299 S.W.2d 483, 491[19]; *Tice v. Milner*, Mo.Sup. [1957], 308 S.W.2d 697; *Cytron v. St. Louis Transit Co.*, 205 Mo. 692, 104 S.W. 109, ... the joinder of the necessary additional parties plaintiff, after the lapse of the one-year period, will relate back to the time of filing the original action and the intervening running of the statute of limitations will not bar the maintenance of the suit ..."

*Forehand v. Hall*, 355 S.W.2d 940, 945 (Mo.1962).

Referring to the fact that the second action is a refiled action, respondent argues that the children are seeking to assert a "new claim" and that "by its own language" § 537.100 precludes the children from asserting that new claim as additional co-plaintiffs.

Respondent's brief states:

"According to Section 537.100, if a wrongful death action is timely commenced 'and *the plaintiff therein* take or suffer a nonsuit, ... *such plaintiff* may commence a new action from time to time within one year after such nonsuit....' (Emphasis added). This language clearly provides that the *only* party with the right to bring a wrongful death action within the one-year savings period is 'the plaintiff' in the case filed during the original three-year period. The statute grants no right to plaintiffs who do not timely assert their claims in the first instance.

"In the present case, Norma Stephens was the sole plaintiff in the original filing of this claim. She took a nonsuit in August of 1985. Therefore, according to Section 537.100, Norma Stephens was 'the plaintiff' and the only person entitled to commence a new action within one year after the nonsuit. Any other interpretation would be in conflict with the express language of Section 537.100."

There is no merit in the foregoing argument. The four children are not asserting a "new claim." Section 537.080 provides for "one indivisible claim for the death of a person which accrues on the date of death." *State ex rel. Kan. City Stock Yards v. Clark*, supra.

The 1967 amendments to § 537.080 and § 537.100 changed the class of persons who had the first priority to sue for wrongful death. *State ex rel. Kan. City Stock Yards v. Clark,* supra. The 1979 amendments to those statutes vested the cause of action in the most favored class in being (here the widow and the four children) without condition and exclusively for the full period of limitations—three years—and § 537.100 "merely counts time." *State ex rel. Research Med. Center v. Peters,* supra. Those amendments liberalized the operation of those statutes so far as plaintiffs are concerned. It made their procedural path less hazardous than it was under the predecessors of those statutes, but even under the former statutes respondent's position would have lacked merit and does so now.

Dispositive of this proceeding is *Tice v. Milner,* 308 S.W.2d 697 (Mo.1957). In *Tice,* a wrongful death action based on a death which occurred on April 2, 1953, was brought by four minor children of the decedent. That action was filed on March 30, 1954, within the one-year period of limitations then contained in § 537.100. That action was dismissed without prejudice. On January 30, 1956, the four children timely filed a second action against the same defendant. The decedent had a fifth child, James R. Tice, who was initially made a defendant in the second action because his mother would not consent to his joinder as a plaintiff. Later the four plaintiffs dismissed as to the fifth child and an amended petition was filed in which the fifth child joined with the other four children as plaintiffs. The defendant moved to dismiss the second action on the ground that the fifth child was not a party to the first action and that all the parties were barred by limitation. It is a clear inference from the opinion that the fifth child was joined as a plaintiff in the second action more than one year after the first action had been dismissed. The supreme court described his joinder as "belated."

The supreme court rejected certain reasons advanced by the defendant that the second action was barred by "the statute of limitations." The court then said, at pp. 703–704:

"Likewise as to the addition of James R. Tice as a party to [the second action], the test is whether the addition of a party relates back or effects such a change in the original action as to avoid or not avoid the running of the statute of limitations. And, *'There has been hardly a disagreement as to the right or effect of amendment bringing in an additional party plaintiff in cases where a cause of action for death has been brought by some, but not all, of the persons entitled to bring such action.'* Annotation 8 A.L.R.2d 6, 23–27, 47; *Slater v. Kansas City Terminal Ry. Co.,* Mo. [1954], 271 S.W.2d 581. The Missouri cases were recently collected and reviewed in *Nelms v. Bright,* Mo. [1957], 299 S.W.2d 483, and it was there justly and properly held, no prejudice to substantial rights of the defendant being shown, that a cause of action for wrongful death instituted and prosecuted by a minor daughter would be remanded by this court for the purpose of permitting an amendment adding a purposefully omitted minor brother." (Emphasis added.)

■ The holding in *Tice* demonstrates the invalidity of respondent's argument contained in the quoted portion of his brief. In accordance with *Tice,* this court holds that the four children are entitled to be joined in the second action as co-plaintiffs with the widow and that such joinder, by reason of relation back, is within the one-year limitation contained in § 537.100.

Additional authority for the foregoing holding may be Rule 55.33(c), set forth in footnote 5, which was discussed by the supreme court in *Koerper & Co. v. Unitel Intern., Inc.,* 739 S.W.2d 705 (Mo. banc 1987), and *Koenke v. Eldenburg,* 753 S.W.2d 931 (Mo. banc 1988).

In *Koerper,* which was not a wrongful death action, the court said that the rationale of Rule 55.33(c) was to re-emphasize and assist in attaining the objective of the rules on pleadings; that pleadings are not an end in themselves, but are only a means

to the proper presentation of a case; and that at all times they are to assist rather than deter the disposition of litigation on the merits. Significantly, the court also said that the rule "is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford."

In *Koenke*, in March 1983 a husband filed a wrongful death action based on the death of his wife who died in December 1981. In May 1983 the plaintiff-husband filed an amended petition against the same defendant but this petition did not contain a wrongful death claim. On August 13, 1986, the plaintiff-husband sought to file a second amended petition, again alleging a claim for wrongful death.

The supreme court held that the wrongful death claim, set forth in the original petition, was not abandoned by the filing of the first amended petition which had sought damages only for injuries sustained by the wife while she was living. The court said that Rule 55.33(c) overruled prior case law to the effect that if a claim stated in an amended petition was a different claim from the one stated in the original petition, the original claim was abandoned. The effect of the rule is to abrogate the "same evidence" and "theory of law" tests in favor of the "conduct, transaction or occurrence" test, and since both the wrongful death claim and the claim for injuries not resulting in death arose out of the same conduct, defendant's alleged malpractice, the trial court should have permitted the filing of the second amended petition.

■ The language, "conduct, transaction or occurrence," as used in Rule 55.33(c), is accorded broad and liberal construction. See *State ex rel. Farmers Ins. Co., Inc. v. Murphy*, 518 S.W.2d 655, 661 (Mo. banc 1975). See also *Showalter v. Westoak Realty & Inv.*, 741 S.W.2d 681 (Mo.App.1987).

The transaction or occurrence underlying the second action in the case at bar is the same transaction or occurrence which underlay the first action, to-wit, the collision which caused the death of Noble Stephens. The defendant in the second action was notified of litigation concerning that transaction or occurrence by the timely filing of the first action and the timely refiling of the second action.

Since *Tice* is dispositive, it is unnecessary to decide whether Rule 55.33(c) expressly permits the addition of the four children as co-plaintiffs. In *Windscheffel v. Benoit*, 646 S.W.2d 354, 356–357[2] (Mo. banc 1983), the supreme court held that Rule 55.33(c) does not apply to a situation where a plaintiff wants to *add* a *defendant* rather than to *change* the *defendant.* The court said, at p. 357: "Rule 55.33(c) is a remedy for a mistake in *identity*, and the remedy is a *change* in party." (Emphasis in original.) The Western District of this court, again in a situation involving an attempt to *add* a *defendant*, conformed to the ruling in *Windscheffel. Shroyer v. McCarthy*, 769 S.W.2d 156 (Mo.App.1989).

Rule 15(c) of the Federal Rules of Civil Procedure is the counterpart to Rule 55.33(c). Some cases interpreting the federal rule hold that it does not apply to adding a defendant. *Anderson v. Phoenix of Hartford Insurance Company*, 320 F.Supp. 399, 405[7] (D.C.La.1970); *King v. Udall*, 266 F.Supp. 747, 749[2] (D.C.Dist.Col.1967). Contra: *Taliferro v. Costello*, 467 F.Supp. 33, 34–35[2] (D.C.Pa.1979); *Wirtz v. Mercantile Stores, Inc.*, 274 F.Supp. 1000 (D.C. Okla.1967); *Meredith v. United Air Lines*, 41 F.R.D. 34[2] (D.C.Cal.1966). On the other hand, the federal courts have generally taken the view that an amendment *adding* a *plaintiff* may relate back under F.R.C.P. 15(c)[7] to avoid the statute of limitations, 12 A.L.R.Fed. 233, 266, § 10(a), although there is some contrary authority, Id. p. 270, § 10(b).

7. "The relation back of amendments *changing* plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments *changing* plaintiffs." Federal Rule of Civ.Procedure 15(c) Advisory Committee's Note; 39 F.R.D. 82, 83–84 (1966). (Emphasis added.)

Federal holdings consistent with a holding that the federal rule would permit the addition of the four children as co-plaintiffs include *Champagne v. U.S.*, 573 F.Supp. 488, 495[8] (D.C.La.1983); *Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770, 776–777[5, 6] (D.C.Cal.1977). Contra: *Pappion v. Dow Chemical Co.*, 627 F.Supp. 1576, 1579–1581[2] (D.C.La.1986).

 There is no merit in respondent's position that this mandamus proceeding is barred by laches. Authority exists that laches may be a factor "appealing to the discretion of the court" in determining whether a writ of mandamus should issue, *State ex rel. Lowry v. Yates*, 251 S.W.2d 834, 835 (Mo.App.1952). Here relators filed their petition for writ of mandamus in this court on November 22, 1988, less than a month after respondent had denied the respective requests of the widow and the four children that the four children be added as co-plaintiffs. This filing was several weeks in advance of the trial setting. Respondent's argument, in support of his claim of laches, that relators waited "more than eight years to assert claims for damages of the children" misstates the facts. There is only one claim for the wrongful death of the decedent and that claim, throughout, has been timely asserted.

■ Mandamus is the appropriate remedy to correct the error of the trial court in refusing to permit the addition of the four children as co-plaintiffs. *State ex rel. Kirkwood Excavating v. Stussie*, 689 S.W.2d 131, 133 (Mo.App.1985); *State ex rel Power Process v. Dalton*, 681 S.W.2d 514, 516 (Mo.App.1984). Since the widow is willing for the four children to intervene, and since they are desirous of doing so, it will be simpler to permit them to join in the same pleading rather than to permit the children to file a separate pleading.

This court orders respondent to set aside his order in the underlying action denying relator Norma Stephens leave to amend the petition in said cause and to grant said relator leave to amend and to add Michael Noble Stephens, Donald Glen Stephens, John Alan Stephens and Patricia Gray Stephens as plaintiffs in said action.

MAUS and PREWITT, JJ., concur.