Jeremy C. and Johnna M. SNEAD, by Their Next of Friend and Mother, Deborah F. SNEAD, Appellants,

v.

ZEPHYR TRANSPORT, INC., and Richard W. Carey, Respondents.

No. WD 44674.

Missouri Court of Appeals, Western District.

Dec. 10, 1991.

J. Kent Emison, Lexington, William D. Stilley, Raytown, for appellants.

Thomas O. Baker, Robert W. Blesch, Kansas City, for respondents.

Before BERREY, P.J., and ULRICH and SPINDEN, JJ.

BERREY, Presiding Judge.

Decedent, Daniel J. Cordes, was killed in an automobile collision on October 19, 1987. The accident occurred on I–35 near Ottawa, Kansas, when the car the decedent was riding in was struck in the rear by a tractor-trailer truck driven by Richard W. Carey. Mr. Carey is employed by Zephyr Transport Inc. and was within the scope of his employment at the time of the accident. The decedent suffered severe injuries in the accident and died shortly thereafter.

Joshua D. Cordes is the decedent's only child by his first marriage. Appellants contend the decedent had two more children born "out of wedlock", Jeremy Snead and Megan Snead.

A parallel case, Cordes v. Zephyr Transport Inc., (Circuit Court of Jackson County, Missouri, Case Number CV89–14019), was filed by the decedent's mother, Eileen Cordes, and by Teri Golding, as next friend for the natural son of the decedent, Joshua Cordes. This case was commenced by the filing of an application for approval of a proposed wrongful death settlement on May 26, 1989, by Eileen Cordes and Joshua Cordes. That settlement was approved by the Circuit Court of Jackson County, Missouri, on June 13, 1989. On April 9, 1990, appellants moved to set aside the approval of the wrongful death settlement for the reason they were not notified of the settlement as required by § 537.080, RSMo 1986. While the trial court denied appellants' motion to set aside the wrongful death settlement, this court reversed the trial court and ordered the wrongful death settlement be set aside. Snead v. Cordes, 811 S.W.2d 391 (Mo.App.1991), (hereinafter the parallel case).

Prior to the time this court rendered an opinion in the parallel case, appellants filed a petition for damages. Appellants contend the petition was filed in order to prevent a claim by respondents that the statute of limitations had run, barring appellants' claim. Section 537.100, RSMo 1986 provides for a three year statute of limitations. Decedent died on October 19, 1987. The petition for damages was filed by the appellants on October 12, 1990. Appellants claim the sole reason the petition for damages was filed was because the case law is unclear as to whether the filing of the motion to approve the wrongful death settlement by respondents tolled the statute of limitations. Respondents filed a motion to dismiss with regard to the petition for damages. The trial court sustained the motion and dismissed the petition with prejudice. It is this action which is being appealed.

The parties raise two different issues on appeal. The appellants claim the sole issue is whether the motion to approve the wrongful death settlement tolled the statute of limitations. While appellants contend there is no Missouri law on this issue, we find State ex rel. Stephens v. Henson, 772 S.W.2d 706 (Mo.App.1989), to be instructive. In the Stephens case, the husband of Norma Stephens was killed on November 20, 1980. In May 1981, Mrs. Stephens brought a wrongful death action. On August 1, 1985, she voluntarily dismissed that action without prejudice. Id. at 707. On July 11, 1986, Mrs. Stephens filed a new action again seeking wrongful death damages. On August 22, 1988, Mrs. Stephens filed in the July 11 action, a motion for leave to file an amended petition alleging the second action was brought by the widow in her own behalf and on behalf of her four children. At the same time, the four children filed an application for leave to intervene as coplaintiffs. The judge in the case denied both requests. The judge contended the claim by the children was barred by the three year statute of limitations provided by § 537.100, RSMo 1986. Id. The court in Stephens reversed the trial court and found that the addition of the children as co-plaintiffs with the widow would not constitute the assertion of new claims. Id. at 708.

■ In the case at bar, it would appear that if Jeremy and Megan are found to be the children of Daniel Cordes, their claim would not be a separate claim. Rather, since § 537.080, RSMo 1986 only allows one wrongful death claim, Jeremy and Megan would be added as co-plaintiffs as in the *Stephens* case. In viewing the situation in this manner, we determine the filing of the application for approval of the wrongful death settlement by Eileen and Joshua Cordes did constitute a commencement of action under § 537.100, RSMo 1986 and, thus, tolled the statute of limitation with regard to any claim made by Jeremy and Megan Snead.

■ The respondents presents a different issue contending the only issue is whether the trial court was correct in dismissing the case on the basis of collateral estoppel.

Both the respondents and the trial court agreed the appellants' petition should be dismissed based on collateral estoppel. The decision by the trial court was rendered prior to the time the appeal of the parallel case had been handed down by this court. However, the appeal in the immediate case was filed after the decision by this court had been handed down.

The theory of collateral estoppel can apply only when four elements exist. First, the issue decided in the prior litigation must be identical with the issues in the present action. Secondly, the prior adjudication must have resulted in a judgement on the merits. Third, the parties against whom collateral estoppel is asserted was a party or in privity with the party to the prior adjudication. And finally, the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Brown v. Jones*, 735 S.W.2d 155, 157 (Mo.App.1987).

Respondents assert the decision to dismiss appellants' petition was proper because the paternity issue was adjudicated in the parallel case, the court in the parallel case rendered a judgement on the merits, appellants were parties to the adjudication on the paternity issue, and appellants had a full and fair opportunity to litigate the paternity issue in the parallel case.

However, this court decided in *Snead v. Cordes*, 811 S.W.2d 391 (Mo.App.1991), the Sneads did not have a full and fair opportunity to litigate the paternity issue. *Id.* at 396. This court additionally concluded the trial court erred in refusing to set aside its order approving settlement when it found Eileen Cordes was aware of the illegitimate children, and failed to notify them of the action. *Id.* at 395. Section 537.080, RSMo 1986 requires that those persons bringing a wrongful death action must notify all possible parties.

The decision relied on by the trial court, when it dismissed the petition by the appellants, has been reversed. This court found the appellants did not have a full and fair opportunity to litigate their claims. Collateral estoppel does not apply in this situation and, thus, this case must be reversed and remanded.

On remand we instruct that this case be consolidated with the parallel case. The proceedings will continue in Jackson County.

Reversed and remanded.

All concur.