Thelma DENTON, Appellant,

v.

Wuthisik SOONATTRUKAL, M.D., Respondent,

and

Dilip Kakaiya, M.D. and S.C. Management, Inc. d/b/a Twin Rivers Medical Center, Respondent.

Nos. 25824, 26072.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 15, 2004.

Motion for Rehearing or Transfer Denied Nov. 8, 2004.

Application for Transfer Denied Dec. 21, 2004.

Mary A. Kennedy, Poplar Buff, for Appellant.

Ted. R. Osburn, Kimberly S. Price, Cape Girardeau, for Respondent Soonattrakul.

Joseph C. Blanton, Jr., John E. Cozean, Sikeston, for Respondent S.C. Mgmt.

J. Thaddeus Eckenrode, St. Louis, for Respondent Kakaiya.

ROBERT S. BARNEY, Judge.

Appellant Thelma Denton ("Plaintiff"), daughter of Ethel Bell Denton ("Decedent"), appeals from the trial court's order which dismissed a wrongful death suit filed by Plaintiff, pursuant to section 537.080, alleging medical malpractice by Respondents Wuthsiak Soonattrukul, M.D., Dilip Kakaiya, M.D. and S.C. Management, Inc., d/b/a Twin Rivers Medical Center ("Defendant or Defendants") that resulted in her mother's death.[1]

The record shows that Decedent died on November 20, 1998, after receiving care and treatment from Defendants. On November 20, 2001, Plaintiff's sister, Betty Conley–Denton ("Betty") filed a wrongful death action against all Defendants pursuant to section 537.080. This suit was filed by Betty as a member of a class of plaintiffs consisting of all the surviving children of Decedent. On or about March 12, 2002, Betty dismissed her case voluntarily and

---

1. Statutory references are to RSMo 2000, unless otherwise indicated. Rule references are to Missouri Court Rules (2002), unless otherwise indicated.

without prejudice pursuant to Rule 67.02(a).[2]

Thereafter, on March 7, 2003, and within the savings limitation period of one year set out by section 537.100, discussed herein, Plaintiff brought the underlying wrongful death suit against Defendants. In her suit, as in her sister Betty's original suit, Plaintiff alleged medical malpractice on the part of Defendants and asserted that she was a member of a class of plaintiffs who are all of the surviving children of Decedent, and who are accorded the right to bring suit under the wrongful death act.[3]

Defendants each filed a motion to dismiss Plaintiff's petition on the basis that Plaintiff is barred by the express language of the three year statute of limitations as set out in section 537.100, and that Plaintiff was not entitled to the benefit of the one year savings provision under that section, because she was not *the named plaintiff* in the original suit brought by her sister, Betty.

In its order dismissing Plaintiff's action, the trial court determined that Plaintiff had filed her suit more than three years after the death of Decedent and that the language of the savings provision of section 537.100 did not support Plaintiff's position.[4] This appeal followed.

Plaintiff presents three points of trial court error based on her assertion that the trial court misapplied and misinterpreted the law in dismissing her petition. In her first point, Plaintiff posits the trial court failed to recognize the "community of interest between [Betty] and [Plaintiff] which, under the law, allows [Plaintiff's] petition to relate back to the original filing of the cause of action, thereby saving [Plaintiff's] claim from being barred by Section 537.100." In her second point, she maintains the trial court erred in preventing her "petition [from relating] back to the date of the original filing" because

> an amendment to a plaintiff's petition which only changes the parties to the suit even after the statute of limitations has run should be allowed if it does not introduce a new cause of action or make any new demand or substantially change the cause of action but merely restates the cause of action originally pleaded at the commencement of the case with the addition of new parties.

Lastly, in her third point, Plaintiff maintains the trial court failed

> to recognize the unique nature of the Missouri Wrongful Death Statute, § 537.080, RSMo, which ... allows members of the same class of plaintiffs to pursue only one action for wrongful death and that therefore [Plaintiff], as a member of the class who filed an action for wrongful death within the one-year savings period set out in § 537.100, RSMo is 'the plaintiff' or 'the plaintiff therein' as contemplated by § 537.100, RSMo even though not a named plaintiff in the originally filed action which was filed by [Plaintiff's] sister, [who is] also a member of the same class.

**2.** The record clearly reveals that Betty never re-filed her initial lawsuit.

**3.** The wrongful death act is composed of statutory sections 537.080 –537.100. Section 537.080 is often referred to as the "wrongful death statute." *See Miller v. Smith,* 921 S.W.2d 39, 43–44 (Mo.App.1996).

**4.** Section 516.105 provides for a two year statute of limitations in medical malpractice cases. Section 537.100 provides for a three year statute of limitations in wrongful death cases. "Where a wrongful death action is brought on the basis of alleged medical malpractice, the longer, three year statute of limitations applies." *Wilson v. Jackson,* 823 S.W.2d 512, 513 (Mo.App.1992).

In response to Plaintiff's assertions, Defendants maintain that Plaintiff's suit, the second such suit filed against them relating to Decedent's death, does not fall within the scope of the plain language found in the one year savings provision of section 537.100. Defendants also assert that Plaintiff's petition was not an "amendment" or an "amended pleading" and, therefore, could not relate back to the original petition filed by Plaintiff's sister, because Plaintiff did not seek to intervene or join the original lawsuit before it was dismissed. Lastly, Defendants reiterate their response to Plaintiff's first point by asserting, under the plain language of the savings provision of section 537.100, that Plaintiff, though she may have been in the same class of beneficiaries as her sister, the original plaintiff, she was not the original plaintiff who filed and then dismissed the original petition.

We determine that Plaintiff's last point has merit and is dispositive of this appeal. Accordingly, only the third point shall be reviewed.

In reviewing the circuit court's dismissal of a petition, the reviewing court "determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. We treat the facts averred as true and construe the averments liberally and favorably to the plaintiff." *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993). "A petition will not be dismissed for failure to state a claim if it asserts any set of facts which, if proved, would entitle the plaintiff to relief." *Id.*

"Missouri does not recognize a common law cause of action for wrongful death." *Id.* at 516. "Wrongful death is a statutory cause of action." *Id.* at 512. The wrongful death act "was designed to compensate specifically designated relatives for the loss of the decedent's economic support." *Id.* at 513.[5]

"[A] wrongful death claim for damages is divided into two stages." *O'Neal v. Pipes Enters., Inc.*, 930 S.W.2d 416, 422 (Mo. App.1995). "In the *first* stage, the total damages for 'those who sue or join or who are entitled to sue or join' are determined by ... the trier of fact." *Id.* (quoting § 537.095.1.) "In the *second* stage, 'the court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.'" *Id.* (quoting § 537.095.3.)

"The right to sue [for wrongful death] was originally granted only to the spouse and minor children, or to the parents if the decedent was an unmarried minor." *Sullivan*, 851 S.W.2d at 513. Later legislative enactments expanded the category of individuals entitled to bring suit under the wrongful death act. *See Schiles v. Gaertner*, 659 S.W.2d 791, 793 (Mo.App.1983). Section 537.080 sets up a system, based on classes of plaintiffs, such as beneficiaries, and then "delineates the order in which the various classes are entitled to pursue a claim." *Id.*

---

5. The Missouri legislature broadened the wrongful death statute in 1979 "by expanding the range of recoverable damages." *Sullivan*, 851 S.W.2d at 514. "In addition to pecuniary losses suffered because of the decedent's death, beneficiaries may now recover funeral expenses and 'the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training and support' of the deceased." *Id.* (quoting § 537.090). These beneficiaries "may also recover the damages incurred by the deceased between the time of injury and the time of death." *Id.; see* § 537.090. "These changes resulted in a combined 'death and survival' statute." *Id.; see Powell v. American Motors Corp.*, 834 S.W.2d 184, 186 (Mo. banc 1992).

In pertinent part, section 537.080.1 provides that a wrongful death action may be brought by the following classes of people:

(1) By the spouse or *children* or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or *mother* of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants . . .

(3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem.

(Emphasis added.) Furthermore, section 537.100 provides in pertinent part:

Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue . . . and provided, that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, or after a verdict for him the judgment be arrested, or after a judgment for him the same be reversed on appeal or error, such plaintiff may commence a new action from time to time within one year after such nonsuit suffered or such judgment arrested or reversed. . . .

We note that in *State ex rel. Stephens v. Henson*, 772 S.W.2d 706 (Mo.App.1989), the record revealed that in May of 1981 a widow brought a wrongful death action against a railroad involved in a collision between her husband's vehicle and a train. *Id.* at 706. "On August 1, 1985, [the widow] voluntarily dismissed that action without prejudice." *Id.* "On July 11, 1986, [the widow] filed a new action . . . against the railroad in which she again sought damages for the wrongful death" of her husband. *Id.* at 707. Thereafter, on August

22, 1988, "the widow filed in the second action a motion for leave to file an amended petition alleging that the second action was brought by the widow in her own behalf and on behalf of the four children for damages suffered by her and the children resulting from the death" of husband. *Id.* Further, on that same date, "the four children filed an application for leave to intervene in the second action as co-plaintiffs." *Id.* The circuit court denied the widow's motion and the children's separate application to intervene. *Id.* As a result, the widow and four surviving children instituted a mandamus action in this Court. *Id.*

In his brief, respondent, the circuit court judge, maintained "that the *only* party with the right to bring a wrongful death action within the one-year savings period is 'the plaintiff' in the case filed during the original three-year period." *Id.* at 710. Respondent further argued the widow was " 'the plaintiff' and the only person entitled to commence a new action within one year after the nonsuit" and "[a]ny other interpretation would be in conflict with the express language of section 537.100." *Id.*

This Court determined that "[t]here [was] no merit in the foregoing argument" espoused by respondent. *Stephens*, 772 S.W.2d at 710. We specifically found that "[t]he four children are not asserting a 'new claim.' Section 537.090 provides for one indivisible claim for the death of a person which accrues on the date of death." *Id.* (internal quotations omitted). This Court then held that the four children were entitled to be joined in the second action as co-plaintiffs with the widow and that such joinder, by reason of relation back, is within the one-year limitation contained in section 537.100. *Id.* at 713; *see also Tice v. Milner*, 308 S.W.2d 697 (Mo. banc 1957); *Nelms v. Bright*, 299 S.W.2d 483 (Mo. banc 1957); *Slater v. Kansas*

*City Terminal Ry. Co.,* 271 S.W.2d 581 (Mo.1954).

While *Stephens,* and the genre of cases cited therein, can be distinguished factually by this Court in that there has not technically been a joinder of all parties to this litigation, its significance lies in the fact that it rejected the proposition that "the *only* party with the right to bring a wrongful death action within the one year savings period is 'the plaintiff' in the case filed during the original three-year period." *Stephens,* 772 S.W.2d at 710.

As mentioned in *Stephens,* section 537.080 provides that *only one action,* that is "one indivisible claim for the [wrongful] death of a person which accrues on the date of death", may be brought under this section against any one defendant for the death of any one person. *Stephens,* 772 S.W.2d at 710 (internal quotations omitted). Moreover, section 537.080.2 "predicates recovery on liability to the decedent had he or she lived." *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 833 (Mo.App.1998). "This one indivisible cause of action 'remains the same whether enforceable by the surviving spouse, by the minor child or children, or by the others named in the statute.' " *Lumley v. Farmers Ins. Co., Inc.,* 716 S.W.2d 455, 457 (Mo.App.1986) (quoting *Spencer v. Bradley,* 351 S.W.2d 202, 206 (Mo.1961)). Accordingly, there can only be one recovery and one cause of action, regardless of the number of claimants able to join in that recovery. *See id.*

"It is, of course, fundamental that where the language of a statute is plain and admits of but one meaning there is no room for construction." *Cummins v. Kansas City Public Service Co.,* 334 Mo. 672, 66 S.W.2d 920, 931 (banc 1933). The court in *State ex rel. Jewish Hospital v. Buder,* 540 S.W.2d 100 (Mo.App.1976), cites *Cummins* for the proposition that "since no cause of action existed at common law and the wrongful death statute created one, the various provisions of the statute are deemed to be substantive law and must be strictly construed." *Id.* at 104 (quoting *Cummins,* 66 S.W.2d at 925). However, the *Cummins* court, in reviewing the then extant version of the wrongful death statute, approved the following language from *Grier v. K.C., Clay Cty. & St. Joseph Ry. Co.,* 286 Mo. 523, 228 S.W. 454 (banc 1921): " 'The provisions [of the wrongful death statute] giving the penalty—that is, creating the liability—should be strictly construed, while those relating to the remedy should be liberally construed.' " *Cummins,* 66 S.W.2d at 925 (quoting *Grier,* 228 S.W. at 459). The *Cummins* court then set out:

> It would seem to violate no rule of statutory construction to strictly construe the liability, penalty, and damage provisions [of the wrongful death statute] and liberally construe this part designating the persons entitled to the penalty or damages in case the defendant, by wrongful conduct in violation of the provisions imposing liability, had become liable to pay such penalty or damages.

*Id.* at 925. Further, the *Cummins* court went on to state:

> We should also remember that 'strict construction' is not a precise, but a relative, expression; it varies in degree of strictness according to the character of the law under construction.... The primary rule of construction of statutes is to ascertain the lawmakers' intent, from the words used if possible; and to put upon the language of the Legislature, honestly and faithfully, its plain and *rational* meaning and to promote its object, and the manifest purpose of the statute, considered historically, is properly given consideration.

*Id.* at 925 (emphasis added) (internal citations and quotations omitted).

Additionally, in *O'Grady v. Brown,* 654 S.W.2d 904, 911 (Mo. banc 1983), the Supreme Court of Missouri, in promoting the apparent object of the wrongful death statutes, recognized that " § 537.080 [provides] a cause of action for the wrongful death of a viable fetus," although not expressly set out in the statute. Furthermore, in *Connor v. Monkem Co.,* 898 S.W.2d 89 (Mo. banc 1995), the court, related that "[i]f [a] statute is ambiguous, we attempt to construe it in a manner consistent with the legislative intent, giving meaning to the words used within the broad context of the legislature's purpose in enacting the law." *Id.* at 90 (quoting *Sullivan,* 851 S.W.2d at 512). Hence, the *Connor* court determined that a nonviable unborn child is a person capable of supporting a claim for wrongful death pursuant to section 537.080. *Id.* at 92.[6] Likewise, in *Holt v. Burlington Northern R.R. Co.,* 685 S.W.2d 851 (Mo.App.1984), the Western District of this Court determined that the "legislature intended that, for purposes of the wrongful death act, an adopted child need not be 'duly adopted' in accordance with the adoption statute" and held that a child, who was decreed to be an equitably adopted son of his aunt six months *after* his aunt's death, could bring a wrongful death action against a railroad. *Id.* at 857. More recently, our supreme court, relying chiefly on *Connor,* determined that "an unwed father may bring a wrongful death action for an unborn child where paternity was not determined before the child's death." *LeSage v. Dirt Cheap Cigarettes and Beer, Inc.,* 102 S.W.3d 1, 2 (Mo. banc 2003).

■ Therefore, we discern the thread that runs through the foregoing opinions is that the wrongful death statute should be interpreted in a light which broadly grants the greatest number of beneficiaries, *as limited by the statutorily designated classes* set out in section 537.100, the right to seek compensation for losses suffered as a result of the wrongful death of a relative. Accordingly, here, "it would seem that only by the most narrow, harsh, and technical construction," *Cummins,* 66 S.W.2d at 932, could we say that a surviving child, such as Plaintiff, is barred from bringing a cause of action under the wrongful death act *within* the savings limitation period set out in section 537.100 merely because the surviving child was not the original plaintiff to file suit. Driven to its logical conclusion, Defendants' arguments would allow one member of a class of beneficiaries to institute a wrongful death action one day, nonsuit it the next day regardless of the reason, and thereby preclude any other named statutory relative from pursuing her statutory remedy under the wrongful death statute solely because she was not the first plaintiff to file her action.

■ Furthermore, it must be remembered that the wrongful death act is "an entitlement statute, setting forth that group of persons—spouse, children and parents—whose relationship to the decedent make their interest paramount...." *Schiles,* 659 S.W.2d at 793. Accordingly, it is well-settled that "any person within the class of beneficiaries may bring a wrongful death suit and the suit is not subject to dismissal because of the failure to join one or more of the potential claimants." *Fitzpatrick v. Hannibal Reg. Hosp.,* 922 S.W.2d 840, 844 (Mo.App.1996). "Other claimants may intervene as a matter of right", however "[t]hey are not required to do so." *Id.* (internal citation omitted).

---

6. In dictum, Judge Price also reiterated a proposition set out in *Steggall v. Morris,* 363 Mo. 1224, 258 S.W.2d 577, 580 (banc 1953) that "the theory of no precedent is not a valid reason for denying a remedy to an injured person."

■ Additionally, we observe that nowhere in the wrongful death act, does it "distinguish between persons within a particular class; it neither states that one party may bring the action or that all must be parties to the suit." *Schiles*, 659 S.W.2d at 793. "There is no minimum amount that must be awarded to any party designated as a taker under [the wrongful death act]." *Parr v. Parr*, 16 S.W.3d 332, 337 (Mo. banc 2000). The trial court is accorded the discretion to "distribute the proceeds in proportion to the losses suffered by each [member of the class]." *Id.* Therefore, it is clear that a "plaintiff" does not bring his or her action solely for the benefit of herself when there are other possible beneficiaries within a particular class. *See* § 537.095.3; *see also O'Neal*, 930 S.W.2d at 422.

Rule 52.01 provides that "[e]very civil action shall be prosecuted in the name of the real party in interest...." However, this is not a requirement in a wrongful death action, where, pursuant to section 537.095.1, "any one or more" members of a particular class of beneficiaries "may maintain such suit ... without joinder therein by any other person, provided that the claimant ... shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080." [7] Further, section 537.095 provides that any "recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join...." *See Schiles*, 659 S.W.2d at 793.

■ Recently, our supreme court declared that the "construction of statutes is not to be hyper-technical, but instead is to be reasonable and logical and to give meaning to the statutes." *Landman v. Ice Cream Specialties, Inc.*, 107 S.W.3d 240, 251 (Mo. banc 2003)(overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo.2003)). In our review of the instant matter, it is a fundamental consideration that the manifest purpose of the wrongful death statute is to provide compensation for the loss of the companionship, comfort, instruction, guidance and counsel, etc., to statutorily designated, and hence a limited number, of relatives of a decedent wrongfully killed by a tortfeasor. *O'Grady*, 654 S.W.2d at 908; *Sullivan*, 851 S.W.2d at 514; *see also* § 537.090. By the trial court limiting to the first person to file suit the right to pursue a remedy statutorily granted to all beneficiaries within a certain class—even after a non-suit by the first to file, and although the savings provisions of section 537.100 had not yet expired—the trial court has employed a hyper-technical reading of section 537.100. We find such an interpretation to be contrary to the manifest purpose of the wrongful death act. *See Landman*, 107 S.W.3d at 251; *see also Sullivan*, 851 S.W.2d at 514. Furthermore, such a literal interpretation as that espoused by Defendants would tend to diminish by mere procedural hyper-technicality two additional objectives behind the wrongful death statutes, that is " 'to ensure that tortfeasors pay for the consequences of their actions, and generally to deter harmful conduct which might lead to death.' " *Sullivan*, 851 S.W.2d at 514 (quoting *O'Grady*, 654 S.W.2d at 907). Point granted.

The judgment and order of the trial court is reversed and the cause is remanded for the purpose of reinstating Plaintiff's cause of action.

PREWITT, J. and GARRISON, J., concur.

---

7. "To ascertain the intent of the legislature in enacting § 537.080, we may consider the language of [section 537.095]." *Schiles*, 659 S.W.2d at 793.