STATE ex rel. James SLIBOWSKI, Relator,

v.

Honorable William H. KIMBERLIN, Judge of Division No. I, Circuit Court of Buchanan County, Missouri, Respondent.

No. KCD 26781.

Missouri Court of Appeals, Kansas City District.

Dec. 31, 1973.

**238**

Dale, Flynn & Bauman, Martin M. Bauman, St. Joseph, for relator.

Robert B. Randolph, St. Joseph, for respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

SHANGLER, Judge.

In this original proceeding in mandamus, relator, father of a minor child, seeks to compel respondent circuit judge to permit him to intervene in an action for the wrongful death of the child brought by the mother.

The facts are not in dispute. James Kevin Slibowski, the thirteen year old son of relator James Slibowski and Beverly Slibowski, was killed by accident. At the time of his death, his parents had been divorced for seven months and his custody had been given to the mother by the decree. The mother filed a petition in the Circuit Court of Buchanan County for the wrongful death of her son. The relator promptly brought his motion to intervene in the action and requested that his petition for damages for the death of the child be filed by the court. After evidentiary hearing, the respondent circuit judge denied the relator intervention.

It is the assertion of the relator that by the terms of § 537.080, RSMo 1969, V.A. M.S., the wrongful death statute, and the provisions of Rule 52.12, V.A.M.R., the law accords him an absolute right to intervene in the action brought by Beverly Slibowski for the wrongful death of their son, a right which mandamus will compel.

In the parts relevant to the issue presented, § 537.080 provides:

Action for wrongful death—who may sue

Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

(1) By the spouse or minor children, natural or adopted, of the deceased . . . or

(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; *or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents;* . . .[1] (Emphasis supplied.)

■ This statute creates an indivisible cause of action in favor of the parents for the wrongful death of their unmarried minor child and allows them a single recovery for their equal benefit. Higgins v. Gosney, 435 S.W.2d 653, 657[2–4] (Mo. 1969). It is the view of respondent, however, that this statute does not accord one parent the unqualified right to intervene in the pending suit of the other for the wrongful death of their unmarried minor child, but that the provision that damages may be sued for and recovered

by the father and mother . . . who may join in the suit . . . or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both parents

allows the mother to refuse the father joinder in the suit and to maintain the action in her name alone for the use and benefit of them both. This proposition, based upon fragments excerpted from the body of the damage act, finds no valid support in either the language or the enactment or its legislative history.

■ There was no right of action for a wrongful death at common law. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889, 895[6, 7] (1943). Thus it is only by virtue of legislative enactment that any claim or cause of action accrues under § 537.080. That statute not only prescribes the preclusive remedy for wrongful death, but also nominates those entitled to sue and the terms on which they can sue. Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 45[3] (1909); Nelms v. Bright, 299 S.W.2d 483, 487[2–4] (Mo. banc 1957).

The present text of § 537.080 results from an amendment enacted in 1955. Prior to the amendment, § 537.070(3), the predecessor to present § 537.080(2) [under which the mother now asserts right to maintain in her name alone the action for wrongful death of the child James], provided as to persons who may sue:

If such deceased be a minor and unmarried . . . then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor.

This provision was uniformly construed to vest in the parents a joint cause of action for the wrongful death of an unmarried minor child in which both, if living, must join. Herrell v. St. Louis-San Francisco Railway Company, 324 Mo. 38, 23 S.W.2d 102, 104[1] (banc 1929); Hennessy v. Bavarian Brewing Co., 145 Mo. 104, 46 S.W. 966, 967 (1898); Clark v. Kansas City, S. L. & C. R. Co., *supra*, 118 S.W., 1. c. 45[3]. This provision, construed by the courts with the strictness accorded statutes in derogation of the common law, was held to disentitle one parent alone from maintaining an action for the wrongful death of a child although the other parent refused to join in the recovery [Clark v. Kansas City, St. L. & C. R. Co., *supra*] or when the other parent could neither be found nor be proved dead [Heath v. Salisbury Home Telephone Co., 326 Mo. 875, 33 S.W.2d 118 (banc 1930)]. The hardships of the statute, these decisions noted, could be relieved only by legislation authorizing the prosecu-

1. The italicized language was newly enacted by the 1955 amendment of former § 537.070(3).

tion of such cases by one parent where the requirement of joinder by the other living parent cannot be met. The lawmakers responded, if belatedly, by the 1955 amendment which re-enacted the statutory language of former § 537.070(3) [construed by the courts to require the joinder of both parents, if living] and by adding "or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents".

Although the 1955 amendment to § 537.070(3) [now § 537.080(2)] enlarged the remedy for the wrongful death of an unmarried minor child to avoid forfeiture of recovery altogether when one parent is unable or refuses to join in the suit, the remedy may be exercised only by the persons and on the terms prescribed by the statute which created the right of action. Chandler v. Chicago & Alton Railroad Company, 251 Mo. 592, 158 S.W. 35, 37[2] (1913); Oates v. Union Pacific Ry. Co., 104 Mo. 514, 16 S.W. 487, 488 (1891); Hennessy v. Bavarian Brewing Co., *supra*, 46 S.W., 1. c. 967. Under the 1955 amendment the cause of action for the wrongful death of an unmarried minor child remains indivisible and only one judgment may result. Also, the cause of action remains vested in both parents, who must join to enforce it, *unless* "the surviving parents are unable or decline or refuse to join in the suit, *then* either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents." The right of one parent alone to enforce the remedy for the wrongful death of an unmarried minor child, therefore, is qualified by the statutory condition precedent that the other parent is unable, or declines, or refuses to join in the suit. When a statute gives a right of action, provides a remedy, and imposes conditions as to the exercise of the remedy, the conditions thus imposed modify and qualify the right of recovery, and form a part of the right itself, upon which its exercise depends. Barker v. Hannibal & St. Joseph R. Co., 91 Mo. 86, 14 S.W. 280, 282 (1886). This principle is an expression of the general rule of law " 'that where the statute creates a new right and prescribes a remedy, the statutory remedy is exclusive' ". Chandler v. Chicago & A. R. Co., *supra*, 158 S.W. 37, 1. c. 37[3]. A cognate principle also appears: "In statutory actions of this sort, the party suing must bring himself strictly within the statutory requirements necessary to confer the right, and this must appear in the petition. Otherwise, it shows no cause of action." Clark v. Kansas City, St. L. & C. R. Co., *supra*, 118 S.W. 45, 1. c. 45; Nelms v. Bright, *supra*, 299 S.W.2d, 1. c. 487[2–4]; Coover v. Moore, 31 Mo. 574, 576 (1862). The petition of the mother Beverly Slibowski for the wrongful death of the child James does not allege that the relator father is unable, or declines, or refuses to join in the action, and thus does not plead a right to sue under the statute.

A parity of reasoning requires us to construe amended § 537.080(2) to entitle one parent who has not refused or declined to join in the pending action brought by the other parent for the wrongful death of their minor unmarried child to intervene in such action as a matter of right. Settled judicial construction of the subsection prior to amendment required joinder of both parents for such a recovery. The amendment, which re-enacted the operative language so construed also established a qualified remedy in one parent alone to assert the death claim for the use and benefit of both parents, clearly intends that the right to sue and recover shall remain vested in both parents jointly until one of them has refused, declined or is unable to join with the other in the suit. Since the petition of the mother Beverly Slibowski does not allege that the relator father refuses to join with her in the action, the statutory condition precedent for maintaining the action in her name alone has not been met, and since in such circumstance the indivisible cause of action for the wrongful death

of the child will be foreclosed to relator as well as to the mother unless joined in by both, the right of relator [and of the mother] to assert the cause of action becomes possible only by the intervention of relator in the pending action. Accordingly, we sustain relator's claim of unconditional right under § 537.080(2) to intervene in the pending action of the mother Beverly Slibowski for the wrongful death of the child James and to enforce that right by mandamus. Civil Rule 52.12(a)(1), V.A. M.R.; State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W.2d 257, 261[5] (banc 1945). If, after the order allowing relator's intervention, the mother should refuse to join with relator, relator will have qualified under § 537.080(2) to bring and maintain the action in his name alone for their joint use and benefit.

 We have rejected the contention of respondent that the statute allows the trial court discretion to deny relator joinder in the pending action of the mother upon a determination that the alcoholic addiction of relator father would prejudice the proceeding of the mother. The statute gives the action to the father and mother on the fact of parentage and not on a valency of morals. Hennessy v. Bavarian Brewing Co., *supra,* 46 S.W., 1. c. 967; Clark v. Kansas City, St. L. & C. R. Co., *supra,* 118 S.W., 1. c. 45. We reject also respondent's argument [in response to relator's alternative claim for the intervention as of right under Rule 52.12(a)(2)] that § 537.095, which provides for the apportionment of damages between the mother and father, sufficiently protects relator's equal interest in the settlement or judgment, so that his participation as a party denies him no right. There is no separable interest between a father and mother for the wrongful death of their unmarried minor child until the cause of action, which is indivisible, becomes merged in a judgment. Herrell v. St. Louis-San Francisco Ry. Co., *supra,* 23 S.W.2d, 1. c. 104[1]; Clark v. Kansas City, St. L. & C. R. Co., *supra,* 118 S.W., 1. c. 45. The petition of the mother

states no cause of action and, in the circumstances, only if relator is joined can a legally protectible interest be asserted on behalf of either of them.

The alternative writ of mandamus heretobefore issued is made peremptory.