**L. Jane DAVIS, Appellant,**

v.

**Julie WILSON, Respondent.**

**No. WD 43475.**

Missouri Court of Appeals, Western District.

Jan. 22, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1991.

Hollis H. Hanover, Hanover & Turner, Kansas City, for appellant.

James E. Cooling and Paul Kingsolver, Cooling & Herbers, P.C., Kansas City, for respondent.

Before MANFORD, P.J., and BERREY and GAITAN, JJ.

MANFORD, Presiding Judge.

This is a civil action seeking damages pursuant to § 537.080, RSMo 1986. Summary judgment was entered from which this appeal was presented. The judgment is affirmed.

Appellant presents a sole point which in summary charges the trial court erred in granting summary judgment by holding that § 537.095.1, RSMo 1986 operated to bar recovery because the record in a prior settlement proceeding established that the prior settlement proceeding violated § 537.095.1, RSMo 1986 and there was a genuine issue of fact as to whether the conduct of respondent or respondent's agents caused or contributed to the violation of § 537.095.1, RSMo 1986.

The pertinent facts are as follows:

Connie Hayes died from injuries received as the result of a fall from a boat being operated by respondent, Julie Wilson. For the purposes of this appeal, further details as to the manner in which the death occurred are not applicable.

The surviving spouse, John Hayes, filed a petition for damages pursuant to § 537.080, RSMo 1986. In this petition, he sought approval of a settlement agreement pursuant to § 537.095, RSMo 1986. Respondent filed an answer to the petition. In addition, Hayes pro se filed an application "For Approval of Settlement and For Order Under Section 537.095." The petition, answer and application all have the court filing stamp of August 31, 1988, P.M., 12:18. Hayes' petition failed to contain any allegation that he had notified all parties having a cause of action under § 537.080 or that a diligent attempt had been made to notify such parties.

On September 9, 1988, a hearing was held, seeking approval of the settlement reached between the husband and respondent. The record of that hearing reveals no evidence that the husband notified or made any diligent attempt to notify all parties having a cause of action under § 537.080. The husband appeared pro se.

On September 9, 1988, a $100,000 settlement was approved by the trial court which issued its order authorizing the settlement and for the collection and distribution of the proceeds. The proceeds represented the full amount under an insurance policy insuring the respondent. On the same date (September 9), the court entered its order of dismissal of the husband's petition with prejudice in response to the husband's "Statement of Dismissal."

On November 20, 1989, Jane Davis, mother of the deceased, Connie Hayes, filed her Petition for Damages pursuant to § 537.080, RSMo 1986. In her petition, she alleged that John Hayes had settled all of his rights with respondent pursuant to § 537.095, but that those proceedings had been concluded without notifying her and/or her husband (Connie's father) and without having satisfied the trial court that Mr. Hayes had made a diligent attempt to notify Connie's parents.

On January 10, 1990, respondent filed, with suggestions, her Motion for Summary Judgment premised upon the dismissal, with prejudice, of the surviving spouse's (Hayes') petition and the provision of § 537.080, RSMo 1986, which permits only one cause of action against any one defendant. Respondent insisted the dismissal with prejudice was thus a bar to the moth-

er's cause of action under the doctrine of res judicata.

Suggestions and supporting affidavits were filed. On May 3, 1990, the trial court issued its order sustaining respondent's Motion for Summary Judgment. This order reads as follows:

### ORDER

The Motion of Defendant Julie Wilson is hereby sustained. Plaintiff's petition is hereby dismissed with prejudice as to Defendant Wilson only.

This appeal followed.

Appellant argues that the defense of res judicata is not applicable because of the lack of identity of persons to the settlement proceedings. This conclusion is premised upon the lack of notice or any diligent attempt to notify all parties having a cause of action under § 537.080, being either pleaded or established for the trial court in the settlement proceedings.

Respondent argues that the trial court properly entered summary judgment in that the wrongful death action had been concluded in a prior action which culminated in approval of the settlement. Respondent urges that appellant has an exclusive remedy pursuant to Rule 74.06, that being to attack the validity of the prior judgment. Respondent argues that § 537.080 precludes a subsequent or second lawsuit. Respondent also argues that by its wording, § 537.080 precludes appellant from proceeding with an action for wrongful death because there was in this case a person of the "first class", the husband. Respondent therefore concludes that the present action is barred due to the dismissal with prejudice of the initial cause of action brought by the husband and cites to the court Rule 67.03 and *North Port Development Co. v. Graff*, 763 S.W.2d 683, 686 (Mo.App.1988).

The sole question facing this court is as follows: When any person entitled to sue for damages pursuant to § 537.080, RSMo 1986 does so, then seeks and secures approval of settlement pursuant to § 537.095, RSMo 1986, but without notice or without

satisfying the court of a diligent attempt to notify all persons having a cause of action under § 537.080, RSMo 1986 of the settlement, are any and/or all other persons entitled to seek damages pursuant to § 537.080 barred from bringing an independent action pursuant to § 537.080, or are such persons left with an exclusive remedy under Rule 74.06 for relief from a judgment or order in the settlement proceedings?

Section 537.080 reads:

**537.080. Action for wrongful death— who may sue—limitation**

Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.080 because of the death;

(3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties;

Provided further that only one action may be brought under this section against any one defendant for the death of any one person.

It is to be noted that § 537.080 prescribes the persons entitled to pursue an action for wrongful death. In the present case, this court is concerned with subparagraph (1) only, but it should be further noted that subparagraph (3) limits such causes of action in that it declares, "[p]rovided further that only one action may be brought under this section against any one defendant for the death of any one person."

The portion of § 537.095 pertinent to the present case reads:

1. Except as provided in subsection 2 of this section, if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court, or may maintain such suit and recover such damages without joinder therein by any other person, *provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080.* Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

When the above statutory sections are compared, it becomes obvious there exists within § 537.080 a limitation of a single or sole cause of action [§ 537.080(3)]; and then within § 537.095.1 there exists the requirement of notice of satisfaction of a diligent attempt to notify all persons entitled to a cause of action under § 537.080.

As is often the case, one question spawns another, and this is true in the present case. The second question is: Should a defendant be subject to subsequent or additional litigation when claimant or petitioner in a § 537.095 proceeding fails to establish that he or she has notified, or has made a diligent attempt to notify, all other persons having a cause of action under § 537.080?

If one answers this latter question affirmatively, the answer appears to run contrary to the limitation imposed by § 537.080(3). If the question is answered negatively, then the notification requirement of § 537.095.1 would appear to have no real meaning.

Obviously, when enacting § 537.095.1, the Missouri General Assembly intended the phrase, "provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080" to be an important and integral part of § 537.080. A fair reading and interpretation of that phrase is that it is a requisite to any settlement approval pursuant to § 537.095. It is likewise obvious that when enacting § 537.080(3), the Missouri General Assembly intended the limitation of one action against any one defendant for the death of any one person.

So just how does a person entitled to a cause of action under § 537.080 seek redress of such a cause if that person has not been notified, or there has been no establishment that a claimant or petitioner (under § 537.095) has made a diligent attempt to notify such other persons?

With the proviso that the intent of § 537.080 limits the causes of action to be filed, this court concludes that the more appropriate remedy is to proceed pursuant to Rule 74.06. If the purpose is to question the validity of the proceedings under § 537.095, then a separate suit under § 537.080 will not achieve this result. Additionally, allowance of a separate suit under § 537.080 places a defendant in the position of having to defend a second action, which is contrary to § 537.080(3).

In the present case, appellant suggests, without "evil intent", that the pleadings were prepared by the insurance carrier for defendant and that counsel for the insurance carrier was unaware that appellant was a member of the class of persons entitled to present a claim under § 537.080. From that, appellant concludes that since respondent's attorney participated and erred in not following the requirements of

§ 537.095, respondent should not be able to rely upon the limitation section of § 537.095. It must be remembered, however, that § 537.095 places the burden of notification upon the claimant, not the defendant in such proceedings.

Assuming arguendo that appellant's assertions are totally correct, that still does not reach the crux of the problem, to wit, the correctness or incorrectness, validity or invalidity, of the original action under § 537.095 and the solution also will not be reached by a second or subsequent action under § 537.080. The second action would simply be an additional or multiple assertion of claims, contrary to § 537.080(3).

This court is being asked to prescribe a rule applicable to the interrelation of §§ 537.080 and 537.095 under the facts and circumstances herein. To justify a second or subsequent claim under § 537.080, a party must attack the validity of the original proceeding under § 537.095 or this party is foreclosed by the limitation section of § 537.080. Thus, this court concludes the far better approach is to attack the former judgment pursuant to Rule 74.06 wherein all the particulars surrounding the original proceeding can be appropriately reviewed, including what, if any, participation a defendant played in the matter and what, if any, consequences follow such participation. To do otherwise might well lead to more than difficult efforts to prove the validity or invalidity of the original proceeding under § 537.095 and very possibly lead to a multiplicity of claims which is obviously against or contrary to the legislative intent of § 537.080.

If a separate or subsequent proceeding were to be permitted, as urged by appellant, in addition to not properly addressing the validity or invalidity of the original proceeding the court, in the second or subsequent proceeding, would perhaps be forced to determine whether a claimant in the second or subsequent proceeding had standing to present a claim under § 537.080. The determination of such a question is best left to a single proceeding under § 537.080. The entirety of the parties' interest, including dispute over the value of the claim or claims, can best be resolved in a single § 537.080 proceeding.

A good example of this is revealed herein as to appellant's assertion that the claim is worth $1,000,000.00, and not the $100,-000.00 representing the insurance proceeds.

It is noted the trial court recognized the situation in its entry of summary judgment. The trial court's order/judgment prescribed a dismissal with prejudice against "Defendant Wilson Only." By such an entry, not only is appellant provided the opportunity to challenge the validity of the prior § 537.095 proceeding as against the surviving spouse, but such a ruling properly forbids a second or subsequent action against a defendant, (respondent herein) which is in total compliance with the limitation prescribed by § 537.080(3). It also permits a more complete analysis of the particulars of the § 537.095 proceeding.

This court rules that § 537.080(3) prohibits a second or subsequent action, including the challenge to the invalidity of a prior § 537.095 proceeding, and that all persons claiming to be within a class of persons entitled to recover or present a claim under § 537.080, when such claims in part rest upon the invalidity of the prior proceedings under § 537.095, are left with the exclusive remedy prescribed by Rule 74.06.

The judgment is affirmed.

All concur.