**Deborah FITZPATRICK, individually and as plaintiff ad litem, William C. Fitzpatrick, Farron W. Fitzpatrick, Rex M. Fitzpatrick, Jr., Regina Fitzpatrick, Lorenanita Jennings, and Kerry McQueen, Plaintiffs/Appellants,**

v.

**HANNIBAL REGIONAL HOSPITAL, a corporation, Hannibal Clinic, a corporation, and Robert Hevel, D.O., Defendants/Respondents.**

No. 68619.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 9, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1996.

Application to Transfer Denied
June 25, 1996.

Paul J. Passanante, Robert F. Ritter, Gray & Ritter, P.C., St. Louis, for appellants.

Kenneth W. Bean, Sandberg, Phoenix & von Gontard, P.C., St. Louis, Marion F. Was-

inger, Wasinger, Parham, Morthland, Terrell & Wasinger, Hannibal, for respondents.

CHARLES B. BLACKMAR, Senior Judge.

Plaintiff Deborah Fitzpatrick, with whom others later sought to join as plaintiffs, sued a physician, the clinic with which he was affiliated, and a hospital for the alleged wrongful death of her husband and "diminished chance of recovery," alleging that his death on November 14, 1991 was caused by the negligence of the defendants. The trial court dismissed the action. Plaintiffs appeal, contending that the initial petition naming Deborah Fitzpatrick individually and as plaintiff ad litem was sufficient, that all persons entitled to share in the potential recovery were notified of the filing of the claim, and that the subsequent joinder of decedent's children related back to the time the action was originally filed. The defendants seek to uphold the ruling solely on procedural grounds. We reverse and remand.

*Procedural History*

The action was filed on October 26, 1993. The petition drew motions and an amended petition was filed on March 28, 1994. The first amended petition set out the wrongful death and diminished chance of recovery claims in separate counts. Deborah Fitzpatrick, the surviving widow, named herself individually and as plaintiff ad litem in the original petition and the first amended petition. Plaintiff alleged that she brought "the action on behalf of herself and any others entitled to recover under said statute including decedent's natural mother and his six children."

The physician and clinic defendants, represented by the same counsel, filed substantially identical motions to dismiss and answers directed to plaintiff's first amended petition on April 11, 1994, each in a single document, assigning various grounds, and stating as follows:

That paragraph 8 of the Plaintiff's Petition alleges that there are seven other

entitled persons that may bring the suit and they have not declined to bring the suit and Plaintiff is not the proper person to file this Petition as set out in the face of the Petition.

The defendant hospital filed an answer on May 11, 1994 which does not expressly reiterate the claims of the other defendants as to necessary parties to the action. Defendant hospital, however, makes common cause with the other defendants in the motion to dismiss which is the occasion for this appeal.

Substantial discovery was undertaken and the court refereed some disputes. On October 19, 1994 the plaintiffs served a Second Amended Petition on the defendants. This petition named the six children of the decedent as plaintiffs, along with the widow. The record does not show that leave of court was obtained as required by Rule 55.33(a), and shows that the plaintiffs, rather than the defendants, consented to the filing. The clerk's office nevertheless received the pleading and placed it in the court file. On November 14, 1994 the defendant physician and the defendant clinic filed separate answers to the second amended petition, with no complaint about the plaintiffs' failure to obtain leave to file. These answers incorporated the motions to dismiss and answers filed to the first amended petition. On November 16, 1995 the defendant hospital also filed its answer to the second amended petition, without specifically objecting to the filing of that petition.

On December 23, 1994 the defendant hospital filed a notice calling up for hearing on January 17, 1995 the motions to dismiss and certain other motions directed to the first amended petition. It is of interest that these motions, although filed some eight months earlier, were not noticed for hearing until more than three years had elapsed from the date of death, thus raising, at least in the minds of the defendants, a statute of limitations problem in the event the motion would be sustained. The motions were argued as scheduled and briefs were filed.

On May 15, 1995 the trial court entered an order sustaining "Hannibal Regional Hospi-

tal, Hannibal Clinic, and Robert Hevel's [ ] Motion to Dismiss."

The judge said nothing further in explanation of his ruling. On June 30, 1995 the court entered an order overruling the plaintiffs' request for reconsideration, whereupon the plaintiffs filed notice of appeal. This Court entered an order to show cause why the appeal should not be dismissed for want of a final judgment and, on September 5, 1995, the trial court entered an identical ruling entitled "judgment" rather than "order." This Court then determined that a final judgment had been entered and allowed the appeal to proceed.

### A. Jurisdiction on Appeal

■ There is, first, a jurisdictional concern which we are obliged to notice on our own initiative even though the parties have not raised it. The trial court's judgment did not state that the dismissal was "with prejudice" and, by force of the recently revised Rule 67.03, it is without prejudice. It is sometimes stated that a dismissal without prejudice does not give rise to an appealable order. This statement is too broad. If a litigant can overcome the burden of a dismissal by filing another action in the trial court there is no point in taking an appeal. If, however, a dismissal without prejudice may have the practical effect of terminating the litigation in the form in which it is cast or in the plaintiff's chosen forum, then the dismissed party is aggrieved and may be heard on appeal. *Douglas v. Thompson*, 286 S.W.2d 833, 834–35 (Mo.1956); *Mahoney v. Doerhoff Surgical Sers., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991) (where a case was dismissed without prejudice for failure to file an affidavit required by § 538.225 RSMo 1986 and the court held that the plaintiff could test the constitutionality of the requirement of an affidavit by appealing even though the dismissal was without prejudice); *see also Dillaplain v. Lite Industries, Inc.*, 788 S.W.2d 530 (Mo.App.1990) (order quashing service and dismissing action on ground that the defendant was not subject to process in Missouri); *Siampos v. Blue Cross and*

*Blue Shield of Mo.,* 870 S.W.2d 499 (Mo.App. 1994) (dismissal without prejudice for want of jurisdiction over an administrative appeal).

■ Here the defendants make it clear in their briefs and on oral argument that they consider that the plaintiffs' claim was fatally deficient from its inception, is barred by limitation, and may not be resuscitated. They have apparently convinced the trial court of this position. The plaintiffs should not be obliged to proceed under such a cloud, especially because the dismissal was patently erroneous. Refiling in accordance with § 537.100 is not a viable solution since the case is pending in the same court and the trial judge would presumably enter the same ruling. Here the form of the dismissal does not deprive us of appellate jurisdiction.

The physician and clinic raise two of their own arguments attacking our jurisdiction. Neither has merit.

■ The physician and the clinic first take us on a journey outside the record in advising us that the plaintiffs, on July 3, 1995, filed in the trial court another civil action stating claims substantially the same as those of the second amended petition. They then argue that this filing amounts to a concession that the initial action was properly dismissed, and that the plaintiffs are guilty of the procedural sin of "trying to take two bites out of the apple." An appellate court may appropriately consider matters outside the record when necessary to the determination of jurisdictional and procedural matters, but we see no reason why these plaintiffs, after the defendants have apparently been successful in putting them out of court, could not pursue alternative courses of action in seeking relief. The trial judge may decide, following remand, whether the second suit should be dismissed or consolidated with the first one. *See Snead v. Zephyr Transport, Inc.,* 819 S.W.2d 776 (Mo.App:1991).

■ Physician and clinic next suggest that "the second amended petition is not before this court in that the petition was never filed

in the trial court and is not an issue in this appeal." Their complaint is that leave of court was not obtained for the filing as required by Rule 55.33(a). All defendants, however, filed answers to the second amended petition and their voluntary joining of issue without protesting the filing is the equivalent of consent. *Cf. Kauzlarich v. Atchison, Topeka, and Santa Fe Ry. Co.,* 910 S.W.2d 254 (Mo. banc 1995). Refusal of leave to file, moreover, would be the plainest of errors because the essential effect of the amendment is to add to the number of eligible claimants joined in the suit, and all persons in the class have an absolute right to join. *State ex rel. Stephens v. Henson,* 772 S.W.2d 706, 710 (Mo.App.1989); *Schiles v. Gaertner,* 659 S.W.2d 791, 794 (Mo.App. 1983). The court must allow additional claimants to join or to intervene. A failure or refusal to do so could be the occasion for the issuance of a writ of mandamus or prohibition. The additional plaintiffs are clearly entitled to appellate relief from orders which effectively keep them out of court.

### B. *Issue on Appeal—Whether joinder and notice are required*

The plaintiffs contend, in their sole point relied on, that the dismissal was in error because wrongful death plaintiffs are "not required, under existing Missouri law, to include within [the] petition an indication that all persons required to share in the potential recovery ... had been provided with notice of the filing of the wrongful death claim." They further argue that "even if it is indeed necessary to specifically identify each potential claimant in those instances when an action for wrongful death is filed by some, but not all, of the persons entitled to bring the action, the joinder of the additional parties relates back to the filing of the original action." They cite § 537.080 RSMo (Cum Supp.1993) and the cases discussed below.

Physician and clinic respond that the first amended petition "does not state a cause of action for wrongful death because ... it does not properly join all of the class members under the 'wrongful death' statute." They

also argue that the court has no jurisdiction over a case if the petition does not state a cause of action. The argument is completely unsound. Strong reliance is placed on *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237 (Mo.App.1973), but that case construed an earlier version of the wrongful death statutes and addressed a situation in which the father and mother were required to join as plaintiffs in an action seeking damages for the death of a child. Section 537.080 (Cum. Supp.1993) provides that suit for wrongful death may be brought "[b]y the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive."

■ Thus any person within the class of beneficiaries may bring a wrongful death suit and the suit is not subject to dismissal because of the failure to join one or more of the potential claimants. *Davis v. Wilson*, 804 S.W.2d 392 (Mo.App.1991); *Haynes v. Bohon*, 878 S.W.2d 902 (Mo.App.1994). Other claimants may intervene as a matter of right. *State ex rel. Stephens v. Henson*, 772 S.W.2d 706 (Mo.App.1989). They are not required to do so. The initial petition and both amended petitions state that the action is brought on behalf of all persons entitled to recover. It is not defective for failing to join other potential plaintiffs.

Physician and clinic apparently realize that this argument will not stand scrutiny under the amended statute and seek to mend their hold by arguing that the petition must show detailed compliance with the requirement of § 537.095 that "the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080."

The defendant hospital, in a separate brief, also argues that there was no error in the dismissal because plaintiff "did not satisfy the court in writing or otherwise that she had diligently attempted to notify all parties having a cause of action under § 537.080, R.S.MO. and such satisfaction is required by § 537.095 R.S.MO...." They start out on

the wrong foot by placing strong reliance on *Slibowski*, which, as we have seen, construed an entirely different statute and is not in point here. They seem to argue that the petition must show compliance with § 537.095, and that otherwise it fails to state a cause of action, as a consequence of which the court has no jurisdiction over the action. This suggestion is inconsistent with *Davis*, which held that approval of the settlement of a death claim was valid even though one potential claimant was not notified of the settlement and that the resulting judgment could be attacked only in accordance with governing procedural rules. Had there been no jurisdiction, no valid judgment could have been entered.

In *State ex rel. Reddy v. Dunlap*, 839 S.W.2d 374 (Mo.App.1992), the defendant in a wrongful death action sued out a writ of prohibition, alleging that the trial court lacked jurisdiction because the plaintiff had not complied with the notice provisions of § 538.095. The court quashed the preliminary rule on being shown that the plaintiff in the trial court had given notice to all potential claimants by sending registered letters signed by the plaintiff's attorney. The case demonstrates that the details of giving notice need not be stated in the petition and that no particular form of notice is required.

■ In *Henson* the court held that parties having a statutory right to sue but not named as plaintiffs could intervene in a pending action even though their applications to do so were filed at a time when an initial action by them would have been barred by limitation. Thus the filing of a suit by a proper plaintiff operates to interrupt the running of the statute of limitations as to all persons entitled to sue. There is only one cause of action, whether filed by one or multiple plaintiffs, and others may intervene in accordance with the provisions of Rule 52.12.

■ There is no authority for the proposition that the petition must allege notice to all potential claimants who are not plaintiffs. Notice under § 537.095 is not an element of the plaintiff's claim, but rather a procedural

requirement which may be satisfied after suit is filed. *Cf. Korman v. Lefholz,* 890 S.W.2d 771 (Mo.App.1995). Even so, the allegations of the first amended petition are sufficient, by ordinary rules of pleading, to allege compliance with § 537.095 as an ultimate fact. If questions are raised about the allegation they would ordinarily be resolved at an evidentiary hearing before the court. The record shows nothing as to the holding of any such hearing. The argument of motions is conceptually different from an evidentiary hearing. If the court is not satisfied that proper notice has been given, furthermore, the logical course of action would be to direct the plaintiff to give proper notice. If a petition is dismissed, the court should normally afford the plaintiff the opportunity to make corrections. The defendants' suggestion that all claimants be unceremoniously tossed out of court is out of line with modern procedural norms.

The defendant hospital points to the absence of the decedent's mother as a party. In response to a question, the plaintiffs' attorney advised during oral argument that he represented decedent's mother, and that she did not desire to join in the suit. The plaintiffs had the right to a hearing in the trial court at which they could attempt to demonstrate that they had given the mother appropriate notice, and at which, in support of this showing, they could allow the mother to report her intentions. It might have been easier for all if counsel had simply obtained a signed statement from the mother declining to participate in the suit and had filed the statement in the trial court, or had filed an affidavit describing his effort to notify the mother, but these procedures are not required by the statute or the rules, and nothing counsel did or failed to do warranted dismissal.

*Conclusion*

The judgment of dismissal is reversed and the case is remanded for further consistent proceedings.

CRANE, C.J., and CRAHAN, J., concur.