**Kevin MARTIN, D.O. Natural Guardian and Conservator for Blake Martin, Respondent,**

**v.**

**August A. BUSCH, IV, Respondent,**

**v.**

**Larry Eby and Christine Trampler, Appellant.**

**No. ED 96814.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 27, 2011.

Application for Transfer to Supreme Court Denied Feb. 7, 2012.

Application for Transfer Denied April 3, 2012.

Mathew W. Placzek, Jenifer M. Placzek, Jonathan P. Davis, for Appellant Larry Eby.

Timothy W. Monsees, David M. Mayer, Andrew S. LeRoy, John Q. Kelly, for Appellant Christine Trampler.

John P. Heisserer, Malcolm H. Montgomery, for Respondent Kevin Martin for Blake Martin.

Maurice B. Graham, for Respondent August A. Busch IV.

KENNETH M. ROMINES, J.

This case concerns intervention in wrongful death litigation, and the application to be given Sections 537.080, and 537.095 in conjunction with S.Ct. Rule 52.12.

### Background and Procedural History

The following sequence of events is relevant to the disposition of this case.

**19 December 2010:** Adrienne Nicole Martin (deceased), dies under suspicious circumstances in the home of August A. Busch IV (Respondent Busch). She is survived by her minor son, Blake (son), her father, Larry Eby (Appellant Eby), and her mother, Christine Trampler (Appellant Trampler).

**2 March 2011:** Attorney for Appellant Eby, Mathew W. Placzek, sends a letter to Kevin Martin (Respondent Martin), ex-husband of deceased and father of son. In that letter Attorney Placzek outlines his understanding of the wrongful death statute and requests to visit with Respondent Martin regarding his "intentions" in the matter.

**29 March 2011:** Respondent Martin files a petition in Cape Girardeau County circuit court to be appointed Conservator and Natural Guardian of son.

**30 March 2011:** Cape Girardeau County circuit court enters a judgment appointing Respondent Martin conservator of son.

**31 March 2011:** Respondent Martin files a wrongful death suit on behalf of son in St. Louis County circuit court. Respondent Busch files an answer.

Respondent Martin and Busch file a joint stipulation agreeing to a change of venue to Cape Girardeau County.

The St. Louis County circuit court orders the change of venue to Cape Girardeau County.

Respondent Martin sends notification of the petition to Appellants Eby and Trampler via certified mail.

**6 April 2011:** The case is received and accepted by the Cape Girardeau County circuit court.

Appellant Eby files a motion to intervene in the Cape Girardeau circuit court.

**15 April 2011:** Respondent Martin files a motion for approval of a settlement agreement.[1]

**20 April 2011:** Appellant Trampler files a motion to intervene.

---

1. Appellants urge us to find collusion on these facts, and seek several forms of relief. We are not a fact finder in this instance. The circuit court on remand can reach these issues after hearing.

**10 May 2011:** The circuit court in Cape Girardeau holds a hearing regarding Appellants' motions to intervene and denies the motions.

Appellants Eby and Trampler appeal the circuit court of Cape Girardeau County's denial of their motions to intervene.

### Standard of Review

"Denial of a motion for leave to intervene as a matter of right under Rule 52.12 will be affirmed by an appellate court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *State ex rel. Nixon v. American Tobacco Co., Inc.,* 34 S.W.3d 122, 126 (Mo. banc 2000).

### Discussion

■ Appellants Eby and Trampler assert that they were entitled to intervene as a matter of right under Rule 52.12(a) and *Fitzpatrick v. Hannibal Regional Hosp.,* 922 S.W.2d 840 (Mo.App. E.D.1996), and that the circuit court of Cape Girardeau erroneously applied the law in denying their motions.

Rule 52.12(a) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

■ When a statute confers an unconditional right of intervention, the proposed intervenor is entitled to intervene as a matter of right, the right to intervene is absolute and the motion must be approved. *See State ex rel. Nixon v. American Tobacco Co., Inc.,* 34 S.W.3d 122, 127 (Mo. banc 2000).

Missouri's Wrongful Death statute provides:

1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:

(1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;

(3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties.

2. Only one action may be brought under this section against any one defendant for the death of any one person.

Section 537.080.[2]

The issue for this Court to decide is whether this statute provides an unconditional right to intervene to all persons in the class defined by subsection one of section one. This Court holds that while the statute does not require the joinder of all persons identified in that subsection to proceed with a wrongful death suit, if those persons make a timely attempt to intervene, they have "an absolute right to join" and are entitled to intervene as a matter of right. *Fitzpatrick v. Hannibal Regional Hosp.*, 922 S.W.2d 840, 843–44 (Mo.App. E.D.1996).

■ Our conclusion is reached by reliance on Judge Shangler's analysis of the wrongful death statute in *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237 (Mo.App.1973), a mandamus case. In *Slibowski*, Judge Shangler notes "[t]here was no right of action for a wrongful death at common law." *Slibowski*, 504 S.W.2d at 239. Thus, Section 537.080 "not only prescribes the preclusive remedy for wrongful death, but also nominates those entitled to sue and the terms on which they can sue." *Id.* ". . . [T]he remedy may be exercised only by the persons and on the terms prescribed by the statute which created the right of action." *Id.* at 240. In our case there exists only one, indivisible cause of action against Respondent Busch for the death of Adrienne Nicole Martin. Section 537.080.2. The statute places spouses, children, and parents of deceased in the same, first "class" of those entitled to sue. Section 537.080.1(1). Section 537.095.1 requires that one entitled to bring an action for wrongful death notify all other parties also entitled to sue. "When a statute gives a right of action, provides a remedy, and imposes conditions as to the exercise of the remedy, the conditions thus imposed modify and qualify the right of recovery, and form a part of the right itself, upon which its exercise depends." *Slibowski*, 504 S.W.2d at 240.

■ While Section 537.080 does not explicitly mention the right to intervene, in *Schiles v. Gaertner*, this Court determined that Section 537.080, when read in conjunction with Section 537.095.2 [3], indicated a legislative intention to grant those persons named in Section 537.080.1(1) an unconditional right to intervene in wrongful death suits, reasoning "[i]t seems unlikely that the legislature intended to grant the right of intervention to those entitled to share in any award obtained by the plaintiff ad litem, and yet foreclose that same right as to those entitled to benefit under the first class—the very class whose interests it holds paramount." *Schiles v. Gaertner*, 659 S.W.2d 791, 794 (Mo.App. E.D.1983). This reasoning is sound and is further bolstered by the state's "judicial policy

**2.** All statutory references are to RSMo (2010) unless otherwise noted.

**3.** When any settlement is made, or recovery had, by any plaintiff ad litem, the persons entitled to share in the proceeds thereof shall be determined according to the laws of descent, and any settlement or recovery by such plaintiff ad litem shall likewise be distributed according to the laws of descent unless special circumstances indicate that such a distribution would be inequitable, in which case the court shall apportion the settlement or recovery in proportion to the losses suffered by each person or party entitled to share in the proceeds and, provided, that any person entitled to share in the proceeds shall have the right to intervene at any time before any judgment is entered or settlement approved under this section.

Section 537.095(2).
This Court may look to other, related statutes when interpreting a statute. *Schiles v. Gaertner*, 659 S.W.2d 791, 793–94 (Mo.App. E.D. 1983).

favoring joinder of all plaintiffs whose claims arise from the same occurrence." *Id.* at 793.

Given that Appellants' motions to intervene were filed within 21 days of the filing of the original petition [4] and before the settlement had been approved by the circuit court, and that they had an absolute right to intervene, the circuit court erroneously applied the law in denying their motions. The case should be remanded with an order that the circuit court allow Larry Eby and Christine Trampler to intervene.

■ Upon intervention, the rights and responsibilities of Appellants Eby and Trampler will be the same as any other party to the litigation. *Beard v. Jackson,* 502 S.W.2d 416, 419 (Mo.App.1973).[5] Clearly, Appellants were not parties on 31 March 2011, and their rights cannot be cut off unilaterally.

### Conclusion

We reverse the circuit court's denial of Appellants' motions to intervene and remand with an order that the circuit court of Cape Girardeau County allow Appellants Eby and Trampler to intervene in the wrongful death suit.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J.

---

4. The original petition was filed in the Saint Louis County circuit court on 31 March 2011. Appellant Eby filed his motion to intervene 6 April 2011. Appellant Trampler filed her motion to intervene on 20 April 2011.

5. While it is true that an intervenor must accept the action pending as he finds it at the time of intervention his rights thereafter are as broad as those of any other parties to the action. Having been permitted to become a party in order to better protect his interest, an

intervenor is allowed to set up his own affirmative cause or defense appropriate to the case and his intervention.

*Beard v. Jackson,* 502 S.W.2d 416, 419 (Mo.App.1973).
We also note that nothing in this opinion should be construed to foreclose future litigation against parties other than Respondent Busch who may be discovered to be liable in the death of deceased.